IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL P. GERAGHTY,

                      Petitioner,

  v.                                                OPINION and ORDER

WARDEN KEYES,                              23-cv-528-jdp

                      Respondent.

---

Pro se prisoner Michael P. Geraghty has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that federal prison officials are violating the Due Process Clause and the First Step Act by refusing to apply credits he has earned under the First Step Act. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions brought under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. I will deny the petition because it is premature.

As an initial matter, Geraghty admits that he did not exhaust his administrative remedies, which is generally required for 2241 petitions. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). Geraghty says that he should be excused from the exhaustion requirement "because of the time required." Geraghty doesn't explain what that means, but I understand him to be saying that he is entitled to release now, so any delay will cause him unfair prejudice.

Geraghty's own allegations show that he is incorrect. Specifically, he alleges that he has earned 430 days of credits and has 17 months until his projected release date. But credits awarded toward early release under the First Step Act are limited to one year, 18 U.S.C. § 3624(g)(3), which means that several months remain before awarding credits could lead to Geraghty's release.

For the same reason, Geraghty is not entitled to relief on the merits. "The First Step Act allows for earned time credits to be applied towards supervised release or prerelease custody only when the inmate has earned time credits that equal the remainder of the sentence." *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023). Geraghty has not reached that point yet, so I cannot grant him relief at this time. I will dismiss the petition without prejudice.

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Geraghty a certificate of appealability. Geraghty may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that Michael P. Geraghty's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice to his refiling it after he exhausts his administrative remedies. The clerk of court is directed to enter judgment accordingly.

Entered October 2, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge